**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

NICOLE LEE DUNN,

Plaintiff, 5:23-CV-0662 (AMN/ML)

v.

WILLIAM EDWARD GABRIEL,
Sheriff's Deputy Detective Police
Onondaga (last known),

Defendant.

---

**APPEARANCES:**

**NICOLE LEE DUNN**
8418 Theodolite Drive #722
Baldwinsville, New York 13027
Plaintiff, *Pro Se*

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

## I. INTRODUCTION

On June 5, 2023, Plaintiff *pro se* Nicole Lee Dunn ("Plaintiff") commenced this civil rights action against Defendant William Edward Gabriel ("Defendant"). Dkt. No. 1 ("Complaint"). Specifically, and reading the Complaint liberally, Plaintiff alleges that (1) Defendant holds a position in law enforcement; (2) she had a personal relationship with Defendant; and (3) Defendant has improperly used his position in law enforcement, as well as knowledge about Plaintiff, in a way that impacts Plaintiff's ability to live her daily life. *Id.*

This matter was referred to United States Magistrate Judge Miroslav Lovric, who, on October 16, 2023, issued an Order and Report-Recommendation ("Report-Recommendation")

granting Plaintiff's second amended application to proceed *in forma pauperis* ("IFP"),[1] and recommending that Plaintiff's Complaint be dismissed with leave to amend. *See* Dkt. No. 6 at 9. On October 23, 2023, Plaintiff timely filed Objections to the Report-Recommendation, Dkt. Nos. 7, 8.[2]

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II. STANDARD OF REVIEW

A district court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)). A district court reviews those portions of a magistrate judge's report-recommendations as to which there was no properly preserved objection for clear error. *Caldwell v. Petros*, No. 1:22-cv-567 (BKS/CFH), 2022 WL 16918287, at *1

---

[1] On June 5, 2023, Plaintiff filed a Motion for leave to proceed IFP, Dkt. No. 2, which was denied without prejudice, Dkt. No. 4, and on October 11, 2023, Plaintiff filed a second motion for leave to proceed IFP, Dkt. No. 5.

[2] Plaintiff filed a document titled "Objection" to Magistrate Judge Lovric's Report-Recommendation, which addresses fees she may incur related to her IFP status. *See* Dkt. No. 7 at 1-2. Plaintiff's "Objection" further states, "[a]ll truth of factual allegations … relevant to objection are to follow in the Amended [C]laim." *Id.* at 2. On the same day Plaintiff filed a document titled "Amended Claim," which appears to respond to the substance of Magistrate Judge Lovric's Report-Recommendation and includes citations to page numbers in the Report-Recommendation. *See* Dkt. No. 8. The Court is mindful that due to Plaintiff's *pro se* status, her submissions are held "to less stringent standards than formal pleadings drafted by lawyers." *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citations omitted). Therefore, the Court construes Plaintiff's "Amended Claim," Dkt. No. 8, as additional Objections to Magistrate Judge Lovric's Report-Recommendation, and not as an Amended Complaint. Dkt. No. 8.

(N.D.N.Y. 2022); *accord Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim).

"[I]n a *pro se* case . . . the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal[.]" *Machicote v. Ercole*, No. 06 Civ. 13320 (DAB) (JCF), 2011 WL 3809920, at *2 (S.D.N.Y. 2011) (citation omitted); *accord Caldwell*, 2022 WL 16918287, at *1. After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

Plaintiff's objections to the Report-Recommendation are difficult to decipher. *See generally* Dkt. No. 8. From what the Court can glean, the objections reiterate allegations in Plaintiff's Complaint without "specifically and clearly" addressing the findings in Magistrate Judge Lovric's Report-Recommendation. *Compare* Dkt. No. 8 *with* Dkt. No. 1; *see Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at

particular findings in the magistrate's proposal.") (citation omitted).  Plaintiff has thus failed to preserve any specific objection, and the Court reviews the Report-Recommendation for clear error.  *See O'Diah v. Mawhir*, No. 9:08-CV-322 (TJM) (DRH), 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) ("General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error.").

Magistrate Judge Lovric concluded that Plaintiff's Complaint must be dismissed for two reasons.  Dkt. No. 6 at 5.  First, Magistrate Judge Lovric found that Plaintiff's Complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Fed. R. Civ. P. 10, which provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  *Id.* at 5-6.  Magistrate Judge Lovric ultimately concluded that Plaintiff's Complaint failed to comply with Fed. R. Civ. P. 8 and 10 because the Complaint was "largely incomprehensible" and failed "to provide fair notice of the claims [Plaintiff was attempting] to assert," *Whitfield v. Johnson*, 763 F. App'x 106, 108 (2d Cir. 2019) (summary order).  *Id.*

Second, Magistrate Judge Lovric concluded that Plaintiff failed to state a valid claim pursuant to 42 U.S.C. § 1983 ("Section 1983") against Defendant because the Complaint "fails to allege facts plausibly suggesting that Plaintiff's grievances against Defendant are related to his work as a police officer or that Defendant otherwise engaged in *any* conduct arguably invoking 'the real or apparent power of the police department,'" *Pitchell v. Callan*, 13 F.3d 545, 548 (2d Cir. 1994).  *Id.* at 7.

Magistrate Judge Lovric expressed "serious doubts" that Plaintiff can amend the Complaint to state a claim over which the Court would have jurisdiction.  *Id.* at 9.  Nevertheless, in deference

to Plaintiff's *pro se* status, he recommended that Plaintiff's Complaint be dismissed with leave to amend. *Id.*; *see also* Fed. R Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety.[3]

## IV.   CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Report-Recommendation, Dkt. No. 6, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's Complaint, Dkt. No. 1, is **DISMISSED without prejudice and with leave to amend**; and the Court further

**ORDERS** that Plaintiff shall file an amended complaint within **THIRTY (30) DAYS** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint **within thirty (30) days of this Order**, the Clerk of the Court shall enter judgment in Defendant's favor and close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk of the Court is directed to amend the text of Dkt. No. 8 to reflect that the filing is additional Objections to the Report-Recommendation; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

---

[3] The Court reiterates Magistrate Judge Lovric's admonition to Plaintiff that any amended complaint or submission to this Court must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, including by specifically identifying the facts and legal theory or theories that form the basis of any claim. *See* Dkt. No. 6 at 8.

**IT IS SO ORDERED.**

Dated: December 8, 2023
Albany, New York

Anne M. Nardacci
U.S. District Judge