UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NICOLE LEE DUNN,

                                   Plaintiff,                      5:23-CV-0662 (AMN/ML)

v.

WILLIAM EDWARD GABRIEL,
Sheriff's Deputy Detective Police
Onondaga (last known),
                                   Defendant.
_____

**APPEARANCES:**

**NICOLE LEE DUNN**
8418 Theodolite Drive #722
Baldwinsville, New York 13027
Plaintiff, *Pro Se*

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

### I.    INTRODUCTION

On June 5, 2023, Plaintiff *pro se* Nicole Lee Dunn ("Plaintiff") commenced this civil rights action against Defendant William Edward Gabriel ("Defendant"). *See* Dkt. No. 1. The matter was referred to United States Magistrate Judge Miroslav Lovric, who, on October 16, 2023, issued an Order and Report-Recommendation granting Plaintiff's second amended application to proceed *in forma pauperis* ("IFP"),[1] and recommending that Plaintiff's complaint be dismissed with leave to

---

[1] On June 5, 2023, Plaintiff filed a Motion for leave to proceed IFP, Dkt. No. 2, which was denied without prejudice, Dkt. No. 4, and on October 11, 2023, Plaintiff filed a second motion for leave to proceed IFP, Dkt. No. 5.

amend.  *See* Dkt. No. 6 at 9.[2]  On December 8, 2023, this Court adopted Magistrate Judge Lovric's October 16 Order and Report-Recommendation in its entirety.  *See* Dkt. No. 9.

On March 12, 2024, following a series of letter motions and objections (*see* Dkt. Nos. 10-18), Plaintiff filed an Amended Complaint.  *See* Dkt. No. 19.  As in the original complaint, and reading the Amended Complaint liberally, Plaintiff alleges that Defendant, who was previously married to Plaintiff, improperly used his position in law enforcement, as well as knowledge about Plaintiff, in a way that negatively impacted Plaintiff's life.  *See* Dkt. No. 19 at 3-4.

The Amended Complaint was also referred to United States Magistrate Judge Lovric, who, on June 14, 2024, issued an Order and Report-Recommendation ("Report-Recommendation") recommending the Amended Complaint be dismissed without leave to amend.  *See* Dkt. No. 21 at 9.  On June 18, 2024, Plaintiff timely filed Objections to the Report-Recommendation.  Dkt. No. 22.[3]

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

**II.      STANDARD OF REVIEW**

A district court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  28 U.S.C. § 636(b)(1)(C).  "To be 'specific,' the objection must, with particularity, 'identify [1] the portions

---

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

[3] Plaintiff filed a document titled "Notice of Motion" in response to Magistrate Judge Lovric's Report-Recommendation.  Dkt. No. 22.  The Court is mindful that due to Plaintiff's *pro se* status, her submissions are held "to less stringent standards than formal pleadings drafted by lawyers." *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citations omitted).  Therefore, the Court construes Plaintiff's "Notice of Motion," Dkt. No. 22, as a timely Objection to Magistrate Judge Lovric's recommendation that the Amended Complaint be dismissed without leave to amend.

of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)).  A district court reviews those portions of a magistrate judge's report-recommendations as to which there was no properly preserved objection for clear error.  *Caldwell v. Petros*, No. 1:22-cv-567 (BKS/CFH), 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022); *accord Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim).

"[I]n a *pro se* case . . . the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted).  The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal[.]"  *Machicote v. Ercole*, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. 2011) (citation omitted); *accord Caldwell*, 2022 WL 16918287, at *1.  After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]."  28 U.S.C. § 636(b)(1)(C).

### III.     DISCUSSION

Plaintiff's Objection to the Report-Recommendation is difficult to decipher. *See generally* Dkt. No. 22. From what the Court can glean, the Objection generally takes issue with the outcome of Magistrate Judge Lovric's Report-Recommendation but does not "specifically and clearly" address the findings in the Report-Recommendation. *See Machicote*, 2011 WL 3809920, at *2. Plaintiff has thus failed to preserve any specific objection, and the Court reviews the Report-Recommendation for clear error. *See O'Diah v. Mawhir*, No. 9:08-CV-322 (TJM) (DRH), 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) ("General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error.").

Magistrate Judge Lovric concluded that the Amended Complaint must be dismissed for three reasons. *See* Dkt. No. 21 at 4. First, Magistrate Judge Lovric found that Plaintiff's Amended Complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Fed. R. Civ. P. 10, which provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id.* at 4-5. Magistrate Judge Lovric ultimately concluded that Plaintiff's Amended Complaint failed to comply with Fed. R. Civ. P. 8 and 10 because the Amended Complaint—like the original complaint—was "largely incomprehensible" and failed "to provide fair notice of the claims [Plaintiff was attempting] to assert." *Id.* (citing *Whitfield v. Johnson*, 763 F. App'x 106, 108 (2d Cir. 2019) (summary order)).

Second, Magistrate Judge Lovric concluded that Plaintiff failed to state a valid claim pursuant to 42 U.S.C. § 1983 ("Section 1983") against Defendant because the Amended Complaint

4

"fail[ed] to allege facts plausibly suggesting that Plaintiff's grievances against Defendant [were] related to his work as a police officer or that Defendant otherwise engaged in *any* conduct arguably invoking 'the real or apparent power of the police department.'" *Id.* at 6 (emphasis in original) (quoting *Pitchell v. Callan*, 13 F.3d 545, 548 (2d Cir. 1994)).

Third, Magistrate Judge Lovric concluded that, to the extent Plaintiff's Amended Complaint was brought pursuant to the New York Penal Law or other criminal statutes, such claims should be "dismissed as not cognizable," in part because private citizens are not afforded a constitutional right to bring a criminal complaint against another individual. *Id.* at 7 (citing, *inter alia*, *Morrow v. Vanderwerff*, 9:19-CV-0555 (DNH/DJS), 2019 WL 13455972, at *7 (N.D.N.Y. July 23, 2019)).

Finally, Magistrate Judge Lovric concluded that "Plaintiff's claims and allegations are legally frivolous" and, given that this was Plaintiff's second attempt to bring forth a cognizable cause of action, recommended leave to amend be denied because "any further amendments to Plaintiff's Amended Complaint would be futile." *Id.* at 8 (citing, *inter alia*, *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 168 (2d Cir. 2003)). The Court agrees with Magistrate Judge Lovric's recommendation for the reasons set forth in the Report-Recommendation.

Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety.

IV.  **CONCLUSION**

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Report-Recommendation, Dkt. No. 21, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's Amended Complaint, Dkt. No. 19, is **DISMISSED without leave to amend**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.[4]

**IT IS SO ORDERED.**

Dated: July 11, 2024
Albany, New York

_____
Anne M. Nardacci
U.S. District Judge

---

[4] The Clerk shall also provide Plaintiff with copies of all unreported decisions herein.